Moepiiy, J.
delivered the opinion of the court.
The .defendants being sued as the maker and indorser of a promissory note of $1412 50, averred that the plaintiffs had no right or interest in the same; that it belonged to one Daniel Murphy, to whom it had been given in part payment of certain lots of ground situated in the suburb Lafayette, in the parish of Jefferson; and that a suit had been instituted and was still pending in the circuit court of the United States, by the heirs of Poultney, who asserted title to the said property. In order to prove plaintiffs’ want of interest in the note sued on, defendants propounded to them interrogatories, which remained unanswered. There was a judgment below for the plaintiffs but with a stay of execution until such time as they should furnish bond according to article 2535 of the La. Oode, for the amount of the purchase-money, to wit, $8000.
The plaintiffs and appellants contended that bond should have been required of them only for the amount sought to be recovered; we think with *21 them, that the court erred. Article 2588 of our Oode provides that “ if the purchaser has paid before the disturbance of his possession, he can nei- [27] ther demand a restitution of the price nor security during the suit.” The rule thus laid down for the whole price when paid, must, we apprehend, apply to such portion of it as happens to be paid at the time of the disturbance. The record shows that the note sued on, is the last that became due of several others given or assumed in payment of the price, but we are uninformed whether they have been paid at maturity; if they have, the purchaser is not entitled under the provision just quoted, to demand any security for their amount; if they be yet due, no security can be exacted until suit he brought on them by the vendor or any other holder.
It is therefore ordered and adjudged that the judgment of the district court be so amended that the bond to be furnished by plaintiffs be only for the amount of the note sued on, to wit, $1412 50, instead of $8000; and that the appellees do pay the costs of this appeal.