## Moses H. Butler v. James T. Watts.

The final decision of the land department upon questions of title previous to the issuance of patents or divestiture of title, is of itself so far equivalent to an actual eviction, as to sustain the action of warranty—unless the defendant in warranty shall perfect the title.

The decision of the General Land Office being subject to an appeal to the Secretary of the Interior, is not technically *res judicata;* yet an exception to an action in warranty, upon the grounds that such an appeal does lie, does not go to the dismissal of the action. Defendant could only claim a continuance (after having taken such appeal) until the same should be decided.

APPEAL from the District Court of the parish of Ouachita, *Richardson*, J. *J. T. Ludley*, for plaintiff and appellant. *Morrison & Purvis*, for defendant.

MERRICK, C. J. Plaintiff alleges that defendant, on the 10th day of June, 1857, sold him a tract of land containing one hundred and fifty-eight acres, for the price of $4049 30 : $2400 in cash, and the residue in two negotiable notes payable in March 1858 and March 1859, for $1174 65 each; that since that sale, the government, having jurisdiction of such matters, has decided that the claim of said *Watts* was invalid, and that he had no right or title to the said lands, and that said sale was the sale of the property of another; that since the decision by the

Land Office at Washington, the defendant has transferred said promissory notes to BUTLER<br>*v.*<br>WATTS. *F. P. Pargoud*, with a view of defrauding petitioner and to prevent him from asserting his just right; that he has been virtually evicted from the thing sold by the said decision, and that the sale being of the property of another, was void; but should the court or the defendant be of the opinion that the defendant can yet sustain his title, then and in that case, plaintiff avers that he has just reasons to fear that he shall be disquieted in his possession by the United States or some claimant holding under or through the United States.

Petitioner prays that defendant be decreed to give security for the refunding of the $2400 already paid, also for the repayment of the notes outstanding in the event petitioner should be compelled to pay them, and it should be finally determined that said *Watts* had no title to the said described tract of land; and if he fails to give the necessary security, that the sale be annulled, (petitioner offering to abandon the possession to said *Watts*) ; and that he may recover judgment against said *Watts* for said sum of $2400, and interest; and that said note be cancelled, or in the event of their transfer before maturity, he have judgment against *Watts* for their amount.

The defendant excepted, on the ground that the suit was premature, that defendant's preëmption right to the land in controversy has not been finally cancelled, nor has the plaintiff been evicted or disturbed in his possession.

A letter from the Commissioner of the General Land Office to the Register and Receiver, was offered in evidence on the trial of the exception, advising them that the defendant's " preëmption claim " to the land sold to plaintiff had been cancelled on the ground that the defendant had not complied with the provisions of the Acts of Congress of the 4th of September, 1841, and 3d of March, 1853.

The judgment of the lower court maintained the exception, and plaintiff appeals.

It is well settled, that the action of the land department upon questions of this kind is final, and that the courts, as a general rule, are without power to revise the decisions of such department, specially entrusted by the government with jurisdiction over the surveys, location, settlements upon, and sales of the public lands. It would also seem that the final decision of the land department upon the question of title, previous to the issuance of the patent, or divestiture of title of the government, is itself so far equivalent to an actual eviction, as to sustain the action of warranty, unless the defendant in warranty shall perfect the title. *Hall* v. *Neill*, 3 An. 327.

But it is contended that the decision of the Commissioner of the General Land Office cannot have the effect of the thing adjudged, because an appeal lies from his decision to the Secretary of the Interior. It is true that the decision of the Commissioner of the General Land Office is subject to appeal, and is not therefore, technically, *res judicata;* yet, as there is no limit within which the appeal is to be taken, except perhaps the delivery of the patent; and as the defendant, who is the party to take the appeal, may never apply for such appeal, we think that the exception does not go to the dismissal of the action, and at most the defendant could only claim a continuance of the cause (after having himself taken such appeal) until the same should be decided.

It is unnecessary to express an opinion upon the question, whether the provisions of Article 2535 C. C. can be invoked by way of an action, where the negotiable paper given as the price has been put in circulation before maturity, or whether the party must wait until he is sued upon it, before he can require such

security. The Article has no application where the money has been paid to the vendor. 17 L. R., 26 ; 2 An. 460.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be avoided and reversed, and the exception overruled ; and that this case be remanded to the lower court for further proceedings, and that the defendant pay the cost of the appeal.