Bayley, Testamentary Executor, v. Denny.

## No. 4994.

GEORGE M. BAYLEY, Testamentary Executor, *v.* DAVID DENNY.

It is well settled that a coproprietor can not erect improvements on the common property and compel the other joint owner to contribute to pay for the same without the consent of the latter.

The defendant in this case contends that as Bayley, the plaintiff, sold him the undivided half of a plantation which he held in common with Pugh, "together with the undivided half of the buildings and improvements thereon," he sold him half of *all* the improvements, including those erected by Pugh, without plaintiff's consent; that this sale was virtually an election to take half of said improvements made by Pugh; that it was an implied promise to pay for half the value thereof; and that from this instrument an obligation arose binding Bayley to pay for half the value of said improvements, which are proved to be worth $4000, wherefore defendant refuses to pay for the last two installments due on his purchase.

Pugh was not a party to the instrument, which is alleged to contain said implied election on his behalf. This court is of opinion that there was no such election, implied or express, in that instrument, and as the plaintiff, Bayley, was not bound to pay Pugh for the improvements, he incurred no obligation in favor of Denny, the defendant, on the payment by the latter of $4000 to Pugh for half of the improvements.

Assuming that Bayley sold to the defendant the improvements erected by Pugh, which is denied, there is no eviction shown; consequently no obligation arising from warranty can be set up in defense of this action. Besides when, as in this case, the purchaser is aware of the outstanding title of a third party, or the circumstances out of which the subsequent disturbance arose, he can not suspend payment of the price, nor require security against eviction.

On the trial the court *a qua* did not err in receiving the evidence offered to explain what improvements were intended by the parties to be sold—whether the improvements belonging to the joint ownership only, or whether also the improvements belonging to one of the coproprietors. The object of this proof was to ascertain the value of the subject to which the instrument refers.

APPEAL from the Fifteenth Judicial District Court, parish of Assumption. *Beattie*, J. *Gilmore & Sons, Bush & Guion,* for plaintiff and appellant. *Nicholls & Folse,* for defendant and appellee.

WYLY, J. In 1867 R. H. Bayley, whose succession is represented by the plaintiff, purchased at sheriff's sale under the judgment in the case of Domas *v.* Seymour, the undivided half of a sugar plantation in the parish of Assumption, together with certain movable property thereon, and he leased the same to the defendant, David Denny, till the thirty-first December, 1870, for the price of $700 per annum. The other half of the plantation belonged to R. L. Pugh, the brother-in-law of Denny. Denny and Pugh lived on the plantation and cultivated it in partnership. The sugar house on the plantation had been destroyed by fire before it was acquired by the coproprietors, Pugh & Bayley. In 1868 Pugh urged Bayley to join him in rebuilding the sugar house and also in erecting other improvements upon the common property, each to bear half of the expenses. This Bayley positively refused to do, and Pugh threatened a judicial partition. The crop of 1868 was ground at a neighboring sugar house. In 1869 Pugh, without the consent of Bayley, rebuilt the sugar-house and erected six cabins on the plantation, at an expense of some eight thousand dollars. Negotiations

were subsequently opened by Pugh with Bayley for the purchase of his share or interest in the plantation. This did not result in a sale, because the parties failed to agree as to terms. Bayley only proposed to sell his interest in the property, not including the improvements erected by Pugh. He also distinctly informed Pugh that he would bear no part of the expenses of said improvements.

He subsequently sold to his lessee, Denny, the brother-in-law of Pugh, who cultivated the land in partnership with him, and who knew that Bayley refused to contribute to pay for the improvements erected by Pugh on the common property. This sale was made in March, 1870, for the price of $12,843, one-fourth cash, and the balance in three equal installments of one, two and three years.

The second installment was paid, but when the third and fourth matured the defendant declined to pay them; and the plaintiff brought this suit to foreclose the mortgage *via ordinaria*. The court maintained the defense that plaintiff's demand should be reduced $4000; because after the purchase, to wit: in June, 1870, Denny paid that sum to Pugh for half the value of the improvements erected by him on the common property. From this judgment the plaintiff appeals.

It is well settled that a coproprietor can not erect improvements on the common property and compel the other joint owner to contribute to pay for the same, without the consent of the latter. Succession of Morgan *v*. P. L. Morgan, 23 An. 502.

Therefore, when R. L. Pugh erected the six cabins and rebuilt the sugar house on the plantation owned by him and Bayley, without the consent of Bayley, the latter incurred no obligation to contribute to pay for said improvements.

The defendant, however, contends that as Bayley sold him the undivided half of the plantation, " together with the undivided half of the buildings and improvements thereon," he sold him half of all the improvements, including those erected by Pugh; and that this sale was virtually an election to take half of said improvements erected by Pugh, with an implied promise to pay for half the value thereof; and that from this instrument an obligation arose binding Bayley to pay for half the value of said improvements, which is proved to be worth $4000. Pugh was not a party to the instrument, which is alleged to contain the implied election of Bayley to take half the improvements erected by Pugh on the common property and to pay for half the value thereof.

In that instrument, which is merely the sale from Bayley to Denny, there is no stipulation in favor of Pugh, nor is there an *aggregatio mentium* between the parties on the subject of Bayley's obligation to pay for improvements erected by Pugh on the common property. The

subject is not mentioned, and we are of opinion that that instrument will be searched in vain to find any promise, express or implied, binding Bayley to pay Pugh, his coproprietor, for improvements erected by the latter, without his consent, on the common property. As Bayley was not bound to pay Pugh for the improvements, he incurred no obligation in favor of Denny by the payment by the latter of the $4000 to Pugh in June, 1870. There was no eviction shown in this case, (assuming that Bayley sold the defendant the improvements erected by Pugh, which is denied); consequently no obligation arising from warranty can be set up in defense of this action. 13 An. 432, 17 La. 25, 3 An. 699, 2 An. 459.

It is true the sale of another's property is null, and in such a case eviction by judicial action is not required to entitle the purchaser to relief. C. C. 2427, 9 R. 283, 10 R. 425, 3 An. 326.

But where, as in a case like this, the purchaser was aware of the outstanding title of a third party, or the circumstances out of which the subsequent disturbance arose, he can not suspend the payment of the price, nor require security against eviction. C. C. 2535, 8 N. S. 330, 15 La. 174, 19 La. 255, 3 An. 337, 5 An. 166–365, 10 An. 301, 11 An. 122, 9 R. 324.

The plaintiff, however, denies that his testator sold the defendant the improvements erected by Pugh; that it was only the share or interest of Bayley in the land and improvements that was intended to be conveyed. And this is supported by the evidence in the record. The defendant excepted to the introduction of parol evidence and the letters of Bayley, Denny and Pugh, on the ground that it was attempting to explain, add to, contradict and vary the deed and mortgage upon which the suit was based. The deed recites that Bayley sells to Denny the undivided half of the plantation therein described, "together with the one undivided half of the buildings and improvements thereon and the agricultural implements thereunto appurtenant: being the same property which was acquired (except the eighteen acres above mentioned and reserved) at a sale made by the sheriff of the parish of Assumption on the twenty-fourth of April, 1867, at the suit of Amédée Domas v. John K. Seymour, No. 1384." There were improvements belonging to the joint owners, and there were improvements erected by Pugh and not claimed by Bayley.

We think the court did not err in receiving the evidence to explain what improvements were intended by the parties to be sold; whether the improvements belonging to the joint ownership only, or whether also the improvements belonging to one of the coproprietors.

The object of this proof was to ascertain the nature of the subject to

which the instrument refers. Greenleaf on Evidence, chapter 15, paragraph 286, and authorities there cited.

There are other questions, but they are not serious. It is therefore ordered that the judgment appealed from be amended by rejecting the reconventional demand of the defendant, and as thus amended that it be affirmed, appellee paying costs of appeal.