[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 720 
This is a petitory action. The plaintiffs and G.W. Mitchell, one of the defendants, are the children and grandchildren of P.D. Mitchell, deceased. The petition alleges that plaintiffs and G.W. Mitchell are the joint owners, by inheritance, from P.D. Mitchell and his predeceased second wife, of 80 acres of land situated in Claiborne parish, La., and described as follows:
 The S.W. 1/4 of the S.E. 1/4 of section 3, and the W. 1/2 of the N.E. 1/4, section 10, north of Homer and Sykes ferry road, all in township 21 north, range 8 west."
The prayer of the petition is for a judgment annulling a document entitled "G.W. Mitchell et al. to W.W. King." This document is recorded in Conveyance Book 22, pp. 29 and 30, Records of Claiborne Parish, La. Plaintiffs further pray for a judgment recognizing them and G.W. Mitchell, one of the defendants, as the children and grandchildren *Page 721 
of P.D. Mitchell, deceased, and of his predeceased wives, and as such the owners of said described property that they be sent into possession thereof and that their rights therein as coheirs, be determined. Throughout the trial they preserved all of their rights by timely objections and the notation of exceptions.
From a judgment dismissing their suit they have appealed. The defendants have answered the appeal and pray that the judgment of the lower court be amended so as to correctly describe the property involved in this suit.
The answers of the defendants W.W. King, G.W. Mitchell, and Sid Jackson admit the allegations of plaintiffs' descent and heirship, and that P.D. Mitchell, deceased, once owned the property described in their petition. But they deny that P.D. Mitchell had title to this property at the time of his death. They aver G.W. Mitchell and Mrs. S.J. Minor acquired the property from their father, P.D. Mitchell, some time prior to his death; that G.W. Mitchell acquired Mrs. S.J. Minor's interest therein; and G.W. Mitchell subsequently sold 44 acres of said property to E.L. Watson and 36 acres thereof to Sid Jackson; and that E.L. Watson sold the 44 acres he acquired from G.W. Mitchell to W.W. King. It is averred that these several transfers were made in good faith, for a valid consideration, and by titles translative of property and that W.W. King and Sid Jackson have each had the actual physical possession of the property so acquired by them for more than ten years. It is also averred that all of the plaintiffs except Mrs. Hyde voluntarily signed the deed of correction filed March 17, 1920, and recorded in Conveyance Book 22, pp. 29 and 30 of the Conveyance Records of Claiborne Parish, La. As to the plaintiffs who signed this deed the defendants plead estoppel, and as to all of the plaintiffs they plead the prescription of ten years. They plead estoppel *Page 722 
as to Mrs. Hyde, basing their plea upon other grounds.
The record discloses that the alleged transfer of the property from P.D. Mitchell to G.W. Mitchell and Mrs. S.J. Minor was unauthorized, in bad faith on the part of the vendees, and was an absolute nullity. Therefore the alleged deed transferred nothing to them. For this reason the deeds from G.W. Mitchell to E.L. Watson, from E.L. Watson to W.W. King, and from G.W. Mitchell to Sid Jackson were not deeds which were translative of property, and therefore cannot form a basis for the plea of prescription. C.C. arts. 3478 (3442), 503 (495), 3474 (3437), and authorities cited under these articles.
P.D. Mitchell was married twice. Four children were born as the issue of the first marriage, viz., G.W. Mitchell, Mrs. S.J. Minor, now Mrs. Hyde, E.D. Mitchell, and Dave Mitchell. At the dissolution of this marriage, by the death of Mrs. Mitchell, there was no community property. P.D. Mitchell married a second time and one child was born as the issue of this marriage. During the existence of this marriage P.D. Mitchell acquired the property in controversy in this suit. This property belonged to the community of acquêts and gains resulting from the second marriage. After the death of P.D. Mitchell's second wife, and while Mrs. Lizzie Lewis, the sole issue of the second marriage was a minor and without taking any steps to open the succession of her deceased mother, or to qualify a tutor to said minor, G.W. Mitchell, acting without power of attorney, or written authorization of any kind from his father, had a deed prepared and recorded, which deed purports to transfer the title to the entire property from his father, P.D. Mitchell, to himself and his sister Mrs. S.J. Minor. This deed does not recite that G.W. Mitchell was authorized, in any way, to act for or to represent his father. It contains only the following statement: *Page 723 
 "This day personally came and appeared P.D. Mitchell, per G.W. Mitchell, a resident of Claiborne parish, La."
An agent cannot transfer the real estate of his principal except by virtue of express and special power. C.C. art. 2997 (2966).
Parol evidence is not admissible to establish an agency to sell land. Mumford v. McKinney, 21 La. Ann. 547; C.C. art. 2992 (2961).
The sale of another's property is null. C.C. art. 2452 (2427); Hall v. Nevill, 3 La. Ann. 326; Butler v. Watts, 13 La. Ann. 391; Bayley v. Denny, 26 La. Ann. 257; Bonvillain v. Bodenheimer,117 La. 807 et seq., 42 So. 273.
The record discloses that none of the plaintiffs, except Mrs. Hyde, had knowledge of any of the transfers of the property or were aware of their interest therein.
If P.D. Mitchell had personally signed the deed or if the proof in the record established that he had subsequently ratified it, which it does not, the deed could not have conveyed more than a one-half interest in the property, because the minor, Lizzie Mitchell, now Mrs. Lewis, was a minor and the owner, by inheritance, of her deceased mother's community interest therein. Ramsay v. Beck, 151 La. 190, 91 So. 674.
The record also discloses that, in the deed by which defendants allege that G.W. Mitchell and Mrs. Minor acquired the property, certain property is included therein that P.D. Mitchell never owned, and the same error of description occurs in all of the subsequent deeds.
When oil was discovered in the vicinity of these lands, the titles thereto were examined and found to be defective. An effort was made to cure the defects by securing from the heirs a deed correcting the description of the property intended to be conveyed in the original purported deed from P.D. *Page 724 
Mitchell to G.W. Mitchell and Mrs. S.J. Minor, and in the subsequent deeds from Mrs. Minor to G.W. Mitchell, from Mitchell to Watson, from Watson to King, and from Mitchell to Jackson. A deed containing a correct description of the property which P.D. Mitchell had acquired from R.R. Flaherty, and correcting the description of the property described in the deed from P.D. Mitchell to G.W. Mitchell and Mrs. S.J. Minor, and in the several subsequent deeds, including those to King and Jackson, was prepared and submitted to the heirs for their signatures. It is alleged that the following persons signed that deed: G.W. Mitchell, D.G. Mitchell, Mrs. E.D. Mitchell, Lizzie Lewis, E.D. Lewis, and W.W. King. Mrs. E.D. Mitchell was the widow of E.D. Mitchell, deceased. E.D. Mitchell died prior to any of these transfers, and at his death left several minor children. Mrs. E.D. Mitchell was not appointed or qualified as tutrix to represent these children. She had no interest in the property, and the interest of her children therein was not affected by anything she may have done or signed. Mrs. S.J. Minor, now Mrs. Hyde, refused to sign the deed, and the plaintiffs allege in their petition that D.G. Mitchell and Mrs. Lizzie Lewis signed the document through mistake and error and as the result of false misrepresentations concerning its purport, and wholly without consideration.
The oral testimony is conflicting as to the representations made to the plaintiffs at the time they were requested to sign the deed correcting the description of the property, but, as to these representations, the circumstances corroborate the testimony given by the plaintiffs. The record discloses that the plaintiffs are uneducated and ignorant people; they cannot read or write, and therefore had no personal knowledge of the recitals of the deed they were requested to sign. The deed itself is entitled "G.W. *Page 725 
Mitchell et al. to W.W. King." The name of Sid Jackson does not appear in the title of the deed, but only in the concluding paragraph thereof, and Sid Jackson did not sign the deed. While these circumstances are not conclusive, they are sufficiently persuasive, when considered in connection with the testimony given by the plaintiffs, to convince the court that plaintiffs have established, by a fair preponderance of the evidence, that all of the heirs who signed the deed of correction, except G.W. Mitchell, did so in error of its purport and under a misapprehension of the facts. Moreover, there was no consideration paid or tendered to any of them for their interest in the property; nor is it pretended that Mrs. Lewis ever consented to the sale of her interest therein. Under these circumstances, the plaintiffs, Mrs. Lizzie Lewis, G.W. Mitchell and the children of E.D. Lewis, deceased, are not estopped from asserting their interest in the property.
Mrs. Minor, now Mrs. Hyde, did not sign the deed of correction, but she was a party to the deed which purported to convey the property from her father to herself and G.W. Mitchell, and she was the vendor in the deed by which she conveyed such interest as she had in the property to her brother. It is contended that because she was a party to these deeds, she is a warrantor of the title and is therefore estopped from asserting any claim to the property or disputing the title which she conveyed. We have found that the original deed which, defendants contend, conveyed the property to G.W. Mitchell and Mrs. Minor was a nullity, and therefore none of the subsequent deeds had the effect of perfecting the title, but, nevertheless, Mrs. Minor, now Mrs. Hyde, was a warrantor of the title she conveyed, and whether that title be good or bad she is estopped from disputing it. Her warranty, however, is limited to the precise property described in that deed, viz.: *Page 726 
the W. 1/2 of N.E. 1/4, section 10, township 21 N., range 8 W. With respect to this property and her alleged rights therein the plea of estoppel is maintained, but it cannot affect her right to assert her interest in the 40 acres of land described as "the S.W. 1/4 of the S.E. 1/4 of section 3, township 21 N., range 8 W.," as this land was not included in either of the deeds to which she was a party.
"Estoppel is a bar which precludes a person from denying the truth of a fact which has in contemplation of law become settled by the acts and proceedings of judicial or legislative officers, or by the act of the party himself, either by conventional writing or by representations, express or implied, in pais." 21 C.J. p. 1059. There are a great many definitions of the term, but the authorities hold that estoppels preclude the assertion of fact, not law. Moore v. Willis, 9 N.C. 555.
"Estoppel by warranty is an estoppel based on the principle of giving effect to the manifest intention of the grantor appearing on the deed, as to the lands or estate to be conveyed, and of preventing the grantor from derogating from or destroying his own grant by any subsequent act." 21 C.J. p. 1061; Condit v. Bigalow,64 N.J. Eq. 504, 513, 54 A. 160.
It is a species of estoppel by deed. A party to a deed, and his privies, are estopped from denying the truth of any material fact asserted in it. Fields v. Willingham, 49 Ga. 344; McAdams v. Bailey, 169 Ind. 518, 72 N.E. 1057, 13 L.R.A. (N.S.) 1003, 124 Am. St. Rep. 240; Cornelius v. Kinnard, 157 Ky. 51, 162 S.W. 524.
We find that Mrs. Lizzie Lewis inherited her deceased mother's community interest in the property, and at the date of the death of her father she inherited a one-fifth interest in his one-half of the community property. The four children born of the first *Page 727 
marriage inherit in equal proportion four-fifths of their deceased father's one-half of the community. E.D. Mitchell, one of these heirs, is dead. He left several minor children and these children inherit from him, in equal proportions, the one-fifth of the one-half of the property he acquired by inheritance from his deceased father.
For these reasons the judgment of the lower court is avoided and reversed, and it is now decreed that the document entitled "G.W. Mitchell et al. to W.W. King," recorded in Conveyance Book 22, pp. 29 and 30, of the Records of Claiborne Parish, La., be and it is hereby declared null and void to the extent that it affects the interest of the plaintiffs in this suit, except as to Mrs. Hyde. It is further decreed that petitioners are the owners of the lands described in their petition, and that they be sent into possession in the proportion and in accordance with the views expressed in our opinion herein. It is further decreed that appellees pay the costs of this appeal.
O'NIELL, C.J., concurs in the opinion that possession of a tract of land, which the possessor intended to buy and believed he bought under a title which erroneously purports to convey another tract of land, cannot be the basis of the prescription of ten years for the tract which the possessor intended to buy; but the Chief Justice dissents from the opinion that a person holding a title which he acquired in bad faith — or holding no title whatever for that matter — cannot convey to a person in good faith a title which will be the basis of the prescription of ten years.
 On Motion to Amend Decree.