**SANDIFER et ux. v. SANDIFER'S HEIRS.**

**No. 6083.**

Court of Appeal of Louisiana. Second Circuit.

Jan. 5, 1940.

Rehearing Denied Feb. 7, 1940.

Writ of Certiorari and Review Denied April 1, 1940.

Cleveland Dear and Ward T. Jones, both of Alexandria, and Wiley R. Jones, of Colfax, for appellants.

Joel Fletcher, of Colfax, for appellee.

DREW, Judge.

Mrs. Elizabeth Jane Smith Sandifer died intestate during the month of August, 1936, leaving a husband, Aaron Rice Sandifer, five children and three grandchildren, viz.: James W. Sandifer, Elzie

A. Sandifer, John R. Sandifer, Jasper A. Sandifer, Robert Lee Sandifer and Walter B. Sandifer, deceased, represented by the following three children: Francis Sandifer Jones, Lessie Sandifer.Scott and Mattie Sandifer Bruce. The deceased mother left a community interest in certain lands in Grant Parish, Louisiana, described as follows: "An undivided one-half interest in and to the SE¼ of SE¼, Section 19; SW¼ of SW¼, Section 20; and the NW¼ of NW¼, Section 29, Township 7 North, Range 2 West."

On August 15, 1938, by notarial act the father, Aaron Rice Sandifer, donated to the above named heirs, in the proportions of one-sixth to each child and one-eighteenth to each of the three grandchildren, his undivided interest in and to the 120 acres of land. This act of donation, which was in proper form and duly accepted by all the donees, contains the following clause:

"This said undivided ·one-half of the herein described property, that is, the undivided one-half conveyed by this vendor, being his community interest, and this conveyance is made to his children and grandchildren for them to partition, so that they hereby become the owners in indivision of the entire 120 acres. That is, 1/6th to each of the five children and 1/6th to the three grandchildren, who are the children of the deceased owner aforenamed, and for partition by vendees.

"All improvements and appurtenances are included in this act of donation, and the partition between vendees is to be made satisfactory to vendor as this aforesaid property was acquired by vendor and his said deceased wife after they were married and no succession has ever been opened."

On the same date as the act of donation, a partition deed was prepared in which the 120 acres were partitioned between the donees. The land was divided into 20-acre tracts, in accordance with a drawing or sketch made or directed to be made by the father, A. R. Sandifer. The document was prepared by the Clerk of Court of Grant Parish and was signed in his presence by all the heirs, except Robert Lee Sandifer. It was sent to and signed by him in the State of Arizona before a Notary Public and due proof made of his signing. There were two witnesses who signed to the signatures of those signing before the Clerk of Court and also two to the signature of Robert Lee Sandifer in Arizona. Both the act of donation and the partition deed were left in the possession of the Clerk of Court of Grant Parish. The Clerk failed to sign the act of partition as a Notary Public. Neither of the instruments was recorded at the time and not until after October 5, 1938, on which day the father, Aaron Rice Sandifer, by notarial deed, which was recorded on the same day, transferred to Carrie Sandifer, wife of his son, J. W. Sandifer, all of his undivided one-half interest in and to the 120 acres of land. The stated consideration was care, attention and services rendered by Carrie Sandifer for two years past and the obligation of the vendee to take care of, nurse and give treatment to vendor for the remainder of his life. This instrument did not make any mention of the former act of donation which had been executed in Carrie Sandifer's home and no doubt in her presence, and to which her husband was a party, in that he formally accepted the donation and signed the conventional act of partition of the property between all the donees.

John R. Sandifer was living on the 20-acre tract awarded him in the partition and continued to live there. Elzie A. Sandifer moved onto the 20-acre tract awarded him in the partition soon after it was made and has continued to live there.

On January 23, 1939, James W. Sandifer acquired Jasper A. Sandifer's interest in his mother's estate by notarial deed and on January 28, 1939, acquired in like manner the interest of Robert Lee Sandifer.

On March 25, 1939, John R. Sandifer acquired by notarial deed the interest of Mrs. Mattie Sandifer Bruce and Mrs. Francis Sandifer Jones, and on April 15, 1939, in like manner acquired the interest of Mrs. Lessie Sandifer Scott.

On March 17, 1939, James W. Sandifer and his wife, Carrie Sandifer, instituted this suit in which they allege that Carrie Sandifer is the owner of an undivided one-half of the 120 acres by virtue of the transfer to her by Aaron Rice Sandifer; that James W. Sandifer is the owner of. three-sixths of one-half of the 120 acres; that Elzie Sandifer is the owner of one-sixth of one-half; and the three grandchildren the owners of the other one-sixth of one-half of the land. Plaintiffs allege they are not willing to remain any longer as owners in indivision and de-

sire a partition; that the land is not divisible in kind and should be sold to effect a partition.

Plaintiffs further allege the act of donation which was placed of record October 18, 1938, wherein A. R. Sandifer pretended to donate his one-half interest to his children and grandchildren, was a cloud upon the title to Mrs. Carrie Sandifer and should be annulled and erased from the record.

"Petitioners further aver that the said deed to Francis S. Jones et al, referred to above, is null and void and of no effect for the following reasons, to-wit:

"That when this deed was made it was the specific understanding between the parties and was made a condition precedent by the vendor or donor, Aaron Rice Sandifer, that it was to have no effect, nor should it be filed or recorded until a partition was made between the donees in such way as would meet the approval of the donor; that it was agreed that a committee was to be appointed to make an appraisal of the lots or parcels to be divided among the donees, and this deed was to be a part and parcel of the partition agreement, but that some of the donees failed and refused to carry out this part of the agreement, and that hence the deed of donation fell and was to have no effect; and the Clerk and Notary, R. M. Johnson, was directed to withhold the same from the records and return same to donor or destroy it without recordation; that after the deed to Carrie White Sandifer was put of record, some of the donees demanded the clerk to record the prior instrument and that the clerk did so file and record same; that your petitioner, James W. Sandifer, recognized that the said deed was null, void and of no effect and that same was recorded without his knowledge or consent. That, therefore, this said deed should be declared null, void and of no effect and for this reason also, as well as for being a cloud upon the title of Carrie White Sandifer, should be stricken from the public records of Grant Parish, Louisiana."

Before answer or any pleadings were filed, John R. Sandifer acquired all the interest of the three children, therefore, the only defendants are John R. Sandifer and Elzie A. Sandifer. They came into court and filed a plea of estoppel and exceptions of no cause and no right of action. The exceptions of no cause and no right of action were overruled and the plea of estoppel referred to the merits.

Defendants then answered, the principal allegations thereof being as follows:

"1. The unnumbered allegation in plaintiffs' petition regarding Mrs. Carrie White Sandifer admits that Mrs. Carrie White Sandifer is the wife of the plaintiff, J. W. Sandifer. Further answering, defendants say: that said Carrie White Sandifer, wife of J. W. Sandifer, is head and master of said community of acquets and gains; that said Mrs. Carrie White Sandifer is therefore subject to the same defenses as said J. W. Sandifer herein."

"8. Lacking information sufficient upon which to base a belief, defendants deny that any such purporting paper as a deed was ever executed by A. Rice Sandifer to Mrs. Carrie White Sandifer; further answering this paragraph, defendants say that: A. Rice Sandifer did not own said property at such purported date because he had already divested himself of same by deed to J. W. Sandifer, Elzie A. Sandifer, John R. Sandifer, J. A. Sandifer, R. L. Sandifer, Mattie Bruce, Lessie Scott and Francis Jones on August 15, 1938, before R. M. Johnson, Clerk of Court and Ex-Officio Recorder and Notary Public, and the witnesses there attesting, as per copy of deed here annexed by reference and of record in the office of said Recorder; that Mrs. Carrie White Sandifer is merely a member of legal community existing with, by and between herself and said J. W. Sandifer, and was bound and estopped by the acts of the said J. W. Sandifer, which acts and estoppel are specially pleaded herein, including act of partition presently set out.

"That after A. Rice Sandifer made deed aforesaid, J. W. Sandifer asked the other vendees under said act for an arbitration and wanted six freeholders to view the property and determine upon a division of same among such vendees and for himself and his two absent brothers (J. A. Sandifer and R. L. Sandifer, the two identical ones whom said J. W. Sandifer claims he bought out), John Roach, Floyd Futrel, John R. Sandifer appointed J. W. Richards and Elzie A. Sandifer appointed Fred Jones, and Wallace Jones, husband of Francis. Jones, appointed J. W. Fralick for his wife and her two sisters, Mrs. Scott and Mrs. Bruce; all of said appointees resident of your said parish and freeholders. Said persons so selected went out and viewed

the property and reported, which said report of the committee or appraisers is now in the clerk's office and is attached hereto; that prior to the viewing of the locus in quo by said committee or appraisers, A. Rice Sandifer, vendor, had mapped out a division of said property among the donees of said deed from him. That on said 15th day of August, vendees, J. W. Sandifer, Elzie A. Sandifer and John R. Sandifer signed the partition deed now in the office of said Recorder and Notary, which said act is a notarial act and referred to and is attached hereto, which said deed of partition is and was further signed by each of the said vendees to said act from A. Rice Sandifer to said property, and under same Elzie A. Sandifer is the owner of the S½ of NW¼ of NW¼, Section 29, Township 7 North, Range 2 West, in your said parish, and John R. Sandifer is the owner of W½ of SW¼ of SW¼, Section 20, Township 7 North, Range 2 West, in your said parish, and also bought from Mrs. Francis Jones, Mattie Bruce and Lessie Scott the E½ of SW¼ of SW¼, Section 20, Township 7 North, Range 2 West, in your said parish. (The same said Elzie R. and John R. Sandifer are the defendants herein).

"That on October 5, 1938, and a little prior thereto, and subsequently and continuously thereafter, the mind of the said A. Rice Sandifer is and was at said time and times afflicted and unsound and not well; that the said J. W. Sandifer (James Sandifer) has said A. Rice Sandifer at his house and home and by force, fraud and threats overawes and directs him according to the will and wishes of the said James W. Sandifer, said plaintiff herein.

"That said A. Rice Sandifer is 80 years old and draws and is given $12.00 per month as an old age pension, which benefits the said James W. Sandifer who collects and uses the same. That Elzie A. Sandifer, defendant herein, has paid said A. Rice Sandifer $3.00 per month to help support him from the time of said deed from A. Rice Sandifer up until this petition in this suit was filed, that is, after he moved into the house on the place, which was sometime in October, 1938.

"Defendants deny summing up of property as per the eighth paragraph of the petition; but further answering this paragraph, that Elzie A. Sandifer owns the E½ of NW¼ of NW¼, Section 29, Township 7, N. R. 2 West, and John R. Sandifer owns the SW¼ of SW¼ of Section 20, to same township and range.

"10. Defendants admit the paragraph herein number nine, so far as the heirs to their said mother's succession; but they show the said J. W. Sandifer, as well as the other heirs of their said mother, have duly accepted her succession unconditionally by signing a deed recognizing them as such and a partition between them of her property and as well other property; that said persons signed a deed from A. Rice Sandifer to his interest formerly in the land described in said suit and in the deed therefrom August 15, 1928.

"11. Defendants deny that said property is held in indivision, but allege that defendants own outright the interests and parts herein above described, that is, that Elzie A. Sandifer owns the S½, NW¼ of NW¼, Section 29, Township 7 North, Range 2 West, and John R. Sandifer owns outright the SW¼ of SW¼, Section 20, Township 7 North, Range 2 West, situated in your said parish, and that J. W. Sandifer and Mrs. Carry White Sandifer, his wife, have no interest whatever in same; denies that said property was ever nondivisible kind; that same was so divisible in kind, to which the law is most friendly, that it was so divided according to plan of A. Rice Sandifer therefor, and was signed by J. W. Sandifer and others in interest therein before R. M. Johnson, Clerk of Court and Ex-Officio Notary Public. That defendants are in actual possession and occupancy of the said property, as deeded and partitioned as aforesaid. That the said Elzie A. Sandifer expended and spent by giving said A. Rice Sandifer $3.00 per month after the 15th of August, 1938, until the filing of this suit, on the faith of the deed of said A. Rice Sandifer, or at least was to pay and did pay him from the time he moved in the house on the place sometime in October, 1938.

"12. Answering paragraph 11 of plaintiffs' petition, these defendants admit that A. Rice Sandifer acquired said property, but shows it makes no difference now how he acquired same, but he had had actual possession and physical occupancy in good faith of same for more than 30 years; that J. W. Sandifer and Mrs. Carrie White Sandifer are without interest in inheritance tax which want of interest and capacity to sue for defendants specially plead.

"13. Answering paragraph 12 of plaintiffs' petition, defendants admit that A.

Rice Sandifer did on August 15, 1938, make and sign a deed in which he did 'grant, bargain, sell, assign, convey and set over and deliver unto' defendants, Elzie A. Sandifer and John R. Sandifer and J. W. Sandifer and the others named as children of said Rice Sandifer, the lands as therein described, which said deed is recorded in Conveyance book of your parish, divesting himself irrevocably of the said property and all title thereto, for the consideration expressed in said deed, and because of which defendant, Elzie A. Sandifer, has expended the said $3.00 per month; and because of which deed said defendants, Elzie A. Sandifer and John R. Sandifer have gone into actual occupancy and possession of the property so acquired under said deed from A. Rice Sandifer and the partition thereof among the vendees under said deed, which act of partition defendants annex hereto by reference and actual filing herein.

"14. Answering paragraph 13, defendants say with reference to that part of said paragraph pertaining to the recordation, defendants allege that the said act from A. Rice Sandifer was passed before Robert M. Johnson, Clerk of this Honorable Court and Ex-Officio Notary Public and Recorder; that said Clerk was asked then and there what the expense was and that defendants were able to pay him and had the money therefor, but that the said Clerk assumed responsibility but did not accept any price and further refused to name any price, but held the said acts in his possession, and if same are not timely recorded, defendants are not to blame. Further answering, defendants say that Mrs. Carrie White Sandifer, being the wife of J. W. Sandifer, member of the community of acquets and gains of which said J. W. Sandifer is head and master, is bound by the acts of said J. W. Sandifer, which are pleaded as estoppel here.

"15. Answering paragraph 14 of plaintiffs' petition, defendants deny same, but specially allege, plead, say and show that J. W. Sandifer nor his said wife, Carrie White Sandifer, has no interest in this allegation, but is estopped to question the same for the acts and conduct of the said J. W. Sandifer aforementioned.

"16. Answering paragraph 15 of plaintiffs' petition, defendants deny this paragraph as written and show that a definitive partition has been duly made of the said property, and except to any interest of J. W. Sandifer or Mrs. Carrie White Sandifer to fix, adjust or collect any inheritance tax on the succession of Mrs. Elizabeth Jane Smith Sandifer, the deceased mother of said J. W. Sandifer and of your said defendants, and are estopped therefrom by the acts and conduct of the said J. W. Sandifer aforesaid.

"17. Further answering the said petition, defendants show that they attach hereto deed of date August 15, 1938, of A. Rice Sandifer of the property described in this suit; the act of partition signed by J. W. Sandifer, your defendants and others, wherein the said plaintiff, J. W. Sandifer, conveyed under warranty to Elzie A. Sandifer the S½ of NW¼ of NW¼, Section 29, Township 7 North, Range 2 West, and to John R. Sandifer the W½ of SW¼ of SW¼, Section 20, Township 7 North, Range 2 West, and to Francis Jones, Mattie Bruce and Lessie Scott the E½ of SW¼ of SW¼, Section 20, Township 7 North, Range 2 West. That, acting upon the faith of said deed and partition, Elzie A. Sandifer did give to his father, said A. Rice Sandifer, said $3.00 per month, and did move upon and take actual possession and physical occupancy of said land so deeded to him, and that John R. Sandifer did also, acting upon the faith of said deed and partition, acquire by purchase from Francis Jones, Mattie Bruce and Lessie Scott their interest and ownership of said land, as shown by the act of sale, in accordance with an understanding and agreement made between them prior to the filing of this suit. That said J. W. Sandifer is warrantor of said defendants herein, under said act of partition, and they ask for an order of this Honorable Court and defend the title of your defendants herein."

The lower court rendered judgment recognizing the interests of the litigants to be as follows: J. W. Sandifer, three-twelfths of the whole; Mrs. Carrie Sandifer, six-twelfths of the whole; Elzie A. Sandifer, one-twelfth of the whole; and John R. Sandifer, two-twelfths of the whole. It ordered the act of donation from A. R. Sandifer to his children and grandchildren, of date August 15, 1938, recorded in Book 60, page 185, to be null and void and stricken from the records. It also ordered the property to be partitioned by licitation and the costs to be borne by the mass.

Defendants are prosecuting an appeal from this judgment.

It is admitted that the community of acquets and gains existed between J. W. Sandifer and his wife, Carrie Sandifer, plaintiffs herein, therefore, the property acquired by deed from A. R. Sandifer to Carrie Sandifer for a consideration, if a valid transfer in the form made, was or would have been community property between her and her husband. The husband being head and master of the community, any defense applicable to him would likewise be a bar against her.

At the time of trial below, A. R. Sandifer, although past 80 years of age and in feeble health, was a witness in the case. He has not filed suit to revoke the donation made by him on August 15, 1938, and is not a party to this suit.

Article 1566 of the Revised Civil Code provides: "Potestative conditions—Nonperformance—Effect.—But if the conditions be potestative, that is, if the donee is obliged to perform or prevent them, their nonfulfillment does not, of right, operate a dissolution of the donation; it must be sued for and decreed judicially."

Clearly this act of donation involved here is covered by the above Article of the Code. Since the donor, who is the father of the donees, has not judicially revoked the donation of August 15, 1938, the law makes it certain that J. W. Sandifer, his son, has not that right during the lifetime of his father, and it follows that his wife has no greater right in this case than he.

The exceptions of no cause and no right of action should have been sustained as to the attempt of plaintiffs to annul the act of donation of date August 15, 1938. The fact that the act of donation was not recorded until after the recordation of the deed to Carrie Sandifer cannot affect the case.

Article 1557 of the Revised Civil Code provides: "Persons entitled to plead nonregistration.—The want of registry may be pleaded by all persons concerned, except the donor, those persons whose duty it was to cause the registry to be made and their representatives."

It was clearly the duty of the donees to have the act registered in this case; furthermore, if it had never been filed and recorded, it was binding between the parties to it.

This brings us to the plea of estoppel which defendants seriously urge. It is evident from the record that it was the desire of A. R. Sandifer that his children would share equally in the estate and that was the purpose of the clause in the act of donation, as explained by him, wherein it said the partition must be made to his satisfaction. Carrying out that condition at his request, each of the children was to appoint one man and one was to be appointed by the three grandchildren. These six men were to form a committee and go over the property for the purpose of inspecting it and to equalize the value of the six tracts as set out in the partition deed, that is, to place a value on each tract. In case one tract was worth more than another, the one receiving the more valuable tract was to pay to the others the difference in money. The six different tracts of land were to remain as described in the partition deed and to belong to the person as stated therein.

J. W. Sandifer appointed J. M. Roach to represent him and asked Mr. Roach to pick up two other men, which he did, viz., R. T. Futrell and F. L. Futrell, to represent the two absent brothers whose interests J. W. Sandifer afterwards acquired. Walter Sandifer's heirs appointed Mr. Frolick and Elzie A. Sandifer appointed Fred Jones, while John R. Sandifer appointed J. W. Rich. A. R. Sandifer appointed R. B. Roach, a gentleman 82 years old. This so-called board of arbitrators met at the site of the land and all, except R. B. Roach, went over the land, made a minute inspection of it and gave a written report to the Clerk of Court, as was the understanding. It is as follows:

"October 3, 1938.

"Gentlemen:

"We the undersign commitiman thot the property is as well devided as could be to the best of our nolidge.

"(Signed) J. W. Richards
"J. M. Roach
"J. W. Frolick
"B. T. Futrell
"F. L. Futrell
"Fred W. Jones

"This is the division of the Sandifer astate."

Mr. R. B. Roach did not take any part in the matter because, as he thought, they should only value the improvements and not the land. It is to be noted that three of the six on the committee were appointees of the plaintiff in this case, J. W. Sandifer. All of these committeemen testified on the trial of the case and were of

the opinion that the value of each of the tracts, including improvements, was as nearly equal as was possible to divide. They took into consideration the nature and condition of the soil, as well as the erosion and timber. We are impressed with the minuteness of their survey of the different tracts and the fairness of their testimony. The Clerk of Court sent a copy of the report to the two absent brothers and informed them, if there was no objection made within 15 days, the partition deed which he had in his possession, would be recorded. No objection was made and it was recorded.

We have gone into this testimony in detail for the purpose of showing the acts of plaintiffs in the case at bar. He formally accepted the donation made to him, his brothers and niece. He took part in the partitioning of the property and signed the act or deed of partition. He also took an active part by representatives of his own choosing in appraising the different tracts as set out in the partition deed, and we are certain he is estopped now from questioning the fact that the land has been partitioned amicably and legally between him and his brothers. In the partition deed there is expressed mutual warranty of title to the tracts set aside for each.

Estoppel of grantor to deny grantees' title arising from warranty in deed, covers the land actually described in the deed.

Estoppel is bar precluding denial of truth of fact settled by proceedings of judicial or legislative officers or by act of party himself, either by conventional writing or by representations expressed or implied in pais.

Estoppel by warranty is estoppel based on principle of giving effect to manifest intent of grantor from derogating or destroying his own grant by subsequent acts.

Party to deed and his privies are estopped from denying truth of any material fact asserted in it. Lewis v. King, 157 La. 718, 103 So. 19.

In the partition deed, plaintiff, J. W. Sandifer, declared that each of the defendants owned a particularly described 20 acres of the original 120-acre tract.

The plea of estoppel should have been sustained.

It therefore follows that the judgment of the lower court is reversed; the exceptions of no cause and no right of action are sustained as to the attack on the act of donation of date August 15, 1938; the plea of estoppel is sustained and plaintiffs are held to be estopped from denying that the property involved here has not been partitioned, and all demands of plaintiffs are rejected at their costs in both courts.