McBRIDE, Judge.
Plaintiff, Home Finance Company, brought this suit as the assignee of a North Carolina conditional sales contract bearing against a certain 1949 model Chevrolet automobile. Plaintiff had the vehicle sequestered to satisfy its claim for the unpaid balance due on said contract.
The record discloses that the automobile had been sold and resold on seven occasions after being brought into Louisiana. The defendant, Mrs. Beatrice Ayala, the last purchaser of the automobile, called her vendor in warranty. Each purchaser in turn then called his immediate vendor in warranty. The last warrantors, Swift Motors and its component partners, were called in warranty by Mrs. Helen Hanisee, wife of Norman Hill. She alleges that Swift Motors is a commercial partnership composed of Al E. Estopinal and Randle M. Davis.
No service was made upon Davis; his whereabouts is unknown. Estopinal was cited and answered generally denying all allegations of the call in warranty. He specifically denied that he was a partner in Swift Motors; he avers that Swift Motors is merely the trade name of an automobile sales business of which Randle M. Davis was sole proprietor; that his only connection with Swift Motors or Randle M. *224 Davis was that of salesman. The answer further set forth that the only part played by Estopinal in connection.with the sale of the automobile to Mrs. Hill was that of salesman.
During trial of the merits below, it developed that Mrs. Hill at the time she bought the Chevrolet automobile was a married woman who lived with her husband and the purchase price was paid with community funds.
Thereupon, Estopinal filed an exception of no right or cause of action to the call in warranty, which the trial judge overruled.
The court rendered judgment in favor of plaintiff and against the defendant, and in turn judgment was rendered in favor of each person who had owned the automobile against his immediate warrantor. The trial judge concluded that Swift Motors was a commercial copartnership in that Davies and Estopinal were the partners therein; the judgment in warranty was rendered against both the partnership and Estopinal for the full amount of Mrs. Hill’s claim.
Estopinal is the only appellant and, therefore, the sole issue before us is the correctness of the judgment on Mrs. Hill’s call in warranty against Al E. Estopinal.
We agree with the trial judge that Estopinal’s connection with Swift Motors was more than salesman; in fact he was a partner of Randle M. Davis in the business. Estopinal’s denial of that status and the assertion that his was only a “working arrangement” with Davis for selling automobiles is unsatisfactory and not convincing. All testimony pointing to the existence of a partnership need not be discussed. Suffice it to say that the bill of sale of the 'Chevrolet automobile was signed not by Davis, but by Estopinal on behalf of Swift Motors. Certain documentary evidence shows that when their banking account was opened with a local bank, both Davis and Estopinal certified on a printed form that the business Swift Motors is a partnership and is composed of Randle M. Davis and A. E. Estopinal; they authorized the bank to honor checks and orders for the payment of money or withdrawal of funds only when signed by both partners.
The foundation of Estopinal’s exception of no cause or right of action is his contention that Mrs. Hill in purchasing the automobile acted as the agent of the community; that, therefore, the warranty ran in favor of the husband and constituted a community asset with regard to which the wife cannot appear in court in her own name.
Estopinal cannot be heard to question the right of Mrs. Hill to make the call in warranty, for he is estopped by his own deed from asserting that the warranty did not inure to her but was a stipulation running in favor of her husband. The partnership as vendor dealt solely and only with Mrs. Hill, accepted the consideration which she paid for the sale, and impliedly warranted her against eviction from the automobile and against charges claimed thereon which were not declared at the time of the sale. LSA-C.C. art. 2501. To permit Estopinal to successfully assert his plea would be the equivalent of permitting him to reap and retain all of the benefits of the contract and at the same time to repudiate its disadvantages. He cannot have the name of his vendee and warrantee changed.
A party to a deed and his privies are estopped from denying the truth of any material fact asserted in it. Lewis v King, 157 La. 718, 103 So. 19.
In Jackson v. United Gas Public Service Co., 196 La. 1, 198 So. 633, 640 (on rehearing), it was said:
“The general rule of law relative to estoppel by contract or deed is found in 21 C.J. 1237, 1238:
“ ‘If in a particular transaction or course of dealing the authority, capacity, character, or status of one of the parties is recognized or asserted as one of the basic facts on which the tranrac *225 tion proceeds, both parties are as a rüle estopped to deny that the one occupied that position or sustained that character. * * * ’ ”
In Karcher v. Karcher, 138 La. 288, 70 So. 228, 229, we find the following language :
“ ‘Where the party solemnly admits a fact by a deed under his hand and seal, he is estopped not only from disputing the deed itself, but every fact which it recites.’ Watson v. Succession of Barber, 105 La. 456, 29 So. 949; Hermann on Estoppel, § 615.”
Our brothers of the Second Circuit in Sandifer v. Sandifer’s Heirs, La.App., 195 So. 118, 124, said:
“Estoppel is bar precluding denial of truth of fact settled by proceedings of judicial or legislative officers or by act of party himself, either by conventional writing or by representations expressed or implied in pais.”
In a case somewhat analogous to that before us the Supreme Court in Keating v. Wilbert, 119 La. 461, 44 So. 265, quoting from Harang v. Blanc, 34 La.Ann. 632, said:
“ ‘Where a party buys property from a married woman, he cannot, when sued by her to annul the contract, set up that the property never belonged to her, but to the community existing between her and her husband at the time of the purchase.’ ”
See, also, Galiano v. Galiano, 213 La. 332, 34 So.2d 881.
The record contains no formal plea of estoppel but none was required. Estopi-nal’s defense was vulnerable to any objection of law or fact without special plea. Neither replication nor rejoinder shall be admitted. C.P. art. 329. Galiano v. Galiano, supra.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.