## Roberts v. Kinnaird, et al.

(Decided April 26, 1912.)

## Appeal from Madison Circuit Court.

1. Deed—Delivery.—Where a deed is executed and acknowledged by the grantor, and left in the possession of a bank, and $500 of the purchase money is paid, and notes for the deferred payments are also in possession of the bank, and the purchaser has been placed in possession of the property, the presumption, in the absence of evidence to the contrary, is that the bank is the agent of both parties, and the delivery of the deed to the bank is sufficient to vest the purchaser with an interest in the land which she could mortgage.

2. Vendor and Purchaser—Mortgage of Record—Notice.—A purchaser of land from one having an unrecorded deed therefor, with knowledge of such deed and the fact that the vendor had been put in possession of the land, and had paid a part of the purchase price, takes subject to a mortgage of record, executed by his vendor after the latter acquired title.

JOUETT & JOUETT, H. H. MOORE and GREENLEAF & HERRINGTON for appellant.

BURNAM & BURNAM for appellee.

Opinion of the Court by William Rogers Clay, Commissioner—Reversing.

On March 27, 1905, P. Cornelius executed and acknowledged to Nannie Roberts, of Hyden, Ky., a deed to a tract of 85 acres of land, situated near the town of Berea, Madison County, Ky. The consideration recited in the deed was a check for $500, a one-day note for $500, three notes for $500 each, due respectively March 27, 1906, 1907 and 1908, and one note for $475, due March 27, 1909. The deed was not delivered to Nannie Roberts in person, but it and the notes were left in the custody of a bank at Berea. The deed was never recorded.

On April 26, 1905, Nannie Roberts borrowed from appellant, W. H. Roberts, who is a brother of her husband, the sum of $500, and she and her husband executed their note for said sum payable in 90 days from May 1, 1905, with six per cent. interest from maturity. To secure the payment of the note, they executed and delivered to the appellant a mortgage on the property described in the deed from Cornelius. This mortgage was acknowledged on April 27, 1905, and recorded in the Madison County Clerk's office on May 11, 1905.

Sometime in December, 1905, J. A. Roberts, the husband of Nannie Roberts, approached H. C. Kinnaird, the father of appellee, with a proposition to rent a portion of the place. Subsequently, H. C. Kinnaird, who was acting as agent for appellee, his son, agreed to purchase the property from Nannie Roberts and her husband. The contract between the parties was that appellee, Jesse M. Kinnaird, was to convey to Nannie Roberts a tract of four and one-fourth acres of land in Wallaceton, valued at $1,250, and pay to Cornelius the balance of about $2,000 due on the 85-acre tract. Before closing the contract, H. C. Kinnaird told Cornelius of the trade, and Cornelius agreed, upon the payment of the balance of the purchase price due him, to execute to appellee a deed to the property. Appellee's father knew at the time that Nannie Roberts claimed to have purchased the land from Cornelius. When the transaction was closed, Cornelius stated that Mrs. Roberts had only a title bond to the property, which she could assign to appellee. The cashier of the bank handed the deed to H. C. Kinnaird. The following assignment was then written on the back of the deed:

"I hereby assign the within to Jesse Kinnaird for value received.

(Signed)    "Nannie Roberts."

Thereupon, appellee and wife executed to Mrs. Roberts a deed to the place at Wallaceton. There was about $300 interest due on the notes to Cornelius at that time, and a lien was retained in the deed to secure the payment of this sum. Before the transaction was closed, Mrs. Roberts and husband stated that there was nothing against the property. Sometime later appellee paid Cornelius the balance of the purchase price, and on August 12, 1907, Cornelius and wife executed, acknowledged and delivered to appellee, Jesse M. Kinnaird, a deed to the 85 acres of land. In this deed the payment of the full consideration of $3,000 is acknowledged. The foregoing deed was, on February 10, 1909, recorded in the Madison County Clerk's office.

On April 21, 1909, appellant W. H. Roberts, brought this action against appellee, Jesse M. Kinnaird, and others, to enforce his mortgage lien on the 85 acres of land. After setting out the mortgage and note, it was alleged in the petition that Nannie Roberts acquired title by virtue of the title bond which had been executed and delivered to her by P. Cornelius. Subsequently, by amended petition, it was charged that the instrument by which she acquired title was not a title bond, but a deed. Appellee, Kinnaird, defended on the ground that he had no actual notice of the mortgage from Nannie Roberts and husband to appellant. That the deed, or title bond, as a matter of fact was never delivered to Nannie Roberts; that she had no title of any kind to the property at the time the mortgage was executed. That the mortgage itself was not a recordable instrument, and, therefore, did not give appellee constructive notice of the lien.

Appellee's contention was sustained by the trial court, and the petition dismissed. From that judgment, this appeal is prosecuted.

In addition to the foregoing facts, it appears from the deposition of appellant that he loaned Nannie Roberts and his brother the sum of $500. A check given by him for this amount was endorsed by Nannie Roberts and her husband and by P. Cornelius, and was paid by appellant's bank on May 11, 1905. Nannie Roberts and her husband have never paid anything on the debt. At the time of the purchase by appellee, $1,000 had been

paid on the land. Appellee did not know that Nannie Roberts and her husband had placed a mortgage on the property. Neither he nor his father consulted the record, because Nannie Roberts represented there was nothing on the property, and the deed had never been delivered to Nannie Roberts, and she had no title of record. Appellant gave his deposition on January 22, 1910. He did not learn of the fact that there was a mortgage on the property until about two years before he testified, or in the early part of the year 1908. About that time his father received a letter from appellant, stating that he had a mortgage on the land. Prior to that time he had paid the full purchase price for the property, and had secured a deed from Cornelius.

It further appears that when J. A. Roberts, the husband of Nannie Roberts, approached H. C. Kinnaird, appellee's father and agent, he stated that he was the man that bought the Doc Cornelius farm, and that he had cultivated the property during the past year, but had not made anything out of it. For this reason, and the further reason that his wife was not satisfied in Berea, they preferred to go elsewhere. Roberts first proposed that appellee's father rent the place. This the latter agreed to do. In company with Roberts, he went and examined the place, and agreed to rent a portion of it. The lease was drawn. Subsequently the parties changed their minds, and appellee's father agreed to purchase the property for him.

Section 2341, Kentucky Statutes, formerly section 6, chapter 63, General Statutes, provides in part as follows:

"Any interest in or claim to real estate may be disposed of by deed or will in writing."

In construing this section, this court, in the case of Bank of Louisville v. Baumeister, &c., 87 Ky., 6, held that a contract for an option to purchase real estate at an agreed price, within a specified period, when based upon a sufficient consideration, is enforceable, and being such an interest in real estate as could be sold or assigned, it could also be mortgaged. The court said:

"By section 6, chapter 63, General Statutes, it is provided that 'any interest in or claim to real estate may be disposed of by deed or will in writing.' And that the right to dispose of such interest or claim was intended to include the right to mortgage as well as to sell absolutely is unquestionable. For it is well settled, that

every kind of interest in real estate may be mortgaged if it be subject to sale and assignment. (Jones on Mortgages, section 136.)''

To the same effect is Davis, et al. v. Wilson, 115 Ky., 639, and Perkins v. J. M. Robinson-Norton & Co., 124 S. W., 310.

The only inquiry, then, is whether or not Nannie Roberts acquired any interest in the land in controversy by virtue of the Cornelius deed. For appellee it is contended that the deed was never delivered, and that, therefore, she had no interest in the land that could be mortgaged at the time the mortgage to appellant was executed; and having no interest, and there being no actual knowledge of a mortgage, the recorded mortgage was not constructive notice. As stated above, the deed from Cornelius to Mrs. Roberts was not turned over to her. It and the notes executed by Mrs. Roberts were in the possession of the bank. The evidence leaves no doubt that at least $500 of the purchase price had been paid at the time the mortgage was executed. Nannie Roberts and her husband were in possession of the property, and appellee's agent knew this fact. As to the terms and conditions upon which the deed and the notes were placed in the bank, the record is silent. There is nothing to show that it was in escrow. Our conclusion is that where a deed is executed and acknowledged, and left in possession of a bank, and at least $500 of the purchase money is paid, and notes for the deferred payments are also in possession of the bank, and the purchaser has been placed in possession of the property, the presumption, in the absence of evidence to the contrary, is that the bank is the agent of both parties. In such a case the vendor could not recall the deed, nor could the purchaser recall the purchase money notes. They are both bound, and being bound, we conclude that the delivery of the deed to the bank was a delivery to the bank for Mrs. Roberts, and, therefore, vested her with an interest in the land which she could mortgage to appellant. Appellee and his father were both present when the transaction was closed. At that time there was a second delivery of the deed to Mrs. Roberts, who assigned it to appellee. Appellee thus recognized her interest by virtue of the deed. Knowing that Mrs. Roberts claimed to have purchased the land, that she did purchase it by the deed, that she had been placed in possession of the property, and had paid $1,000 of the pur-

chase price, appellee was charged with notice of the time that she acquired an interest in it, which the deed itself showed. The deed was dated, signed and acknowledged on March 27, 1905. Having notice that she acquired an interest in the land on that day, it was incumbent upon them to search the records for any mortgage lien she might thereafter execute. Appellant's mortgage being executed after that time, and being of record, was constructive notice. Therefore, when appellee purchased the property, he took it subject to the mortgage lien of appellant. That being true, it follows that appellant is entitled to a recovery.

Judgment reversed, and cause remanded with directions to enter judgment in conformity with this opinion.