## Cornelius v. Kinnard.

(Decided January 21, 1914.)

### Appeal from Madison Circuit Court.

1. Deeds—Grantor Estopped to Say He Had No Title to Property Conveyed.—The grantor in a deed is estopped to assert that he had no title to the property which he assumed to convey therein, or to deny that any material fact or representation made in such an instrument is not true.

2. Deeds—Warranty—What Will Not Avail as Defense Against.—The fact that a grantee in a deed knew of the existence of a mortgage at the time of the conveyance, and that the grantor did not know of its existence will not avail the grantor as a defense against his warranty, as the grantee had the right to rely upon the warranty to protect him from the encumbrance.

COBB & COLLINS for appellant.

BURNAM & BURNAM for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

This action was instituted by appellee against appellant to recover the amount of an encumbrance upon a tract of land conveyed to appellee by him with covenant of general warranty.

In substance it is alleged that in August, 1907, appellant executed and delivered to appellee a deed for 85 acres of land in Madison County, containing a covenant of general warranty of title; that appellee had paid the full consideration thereof, but that at the time of its execution there existed a valid lien upon the land, and that the holder of the lien thereafter instituted an action against both appellant and appellee to enforce said lien, and that in that action, after an appeal to this court, the validity of the lien had been upheld. (Roberts v. Kinnard, 148 Ky., 75.) That upon the return of the case from this court to the Circuit Court appellee paid off the lien to prevent a sale of his land; and he prayed for judgment against appellant on the warranty.

Appellant's answer alleges in substance that at the time of the conveyance to appellee he was not the owner of the property, and had no title to the same, and that at that time he made the conveyance to appellant as a matter of accommodation, and that the real title to the land was in one Nannie Roberts, and that there was no consideration upon his part for the execution of the deed; that he was at the time the deed was executed ignorant of the fact that Nannie Roberts had created any lien upon the said land, and that appellee at the time knew of the existence of such lien.

To this answer the circuit court sustained a demurrer, and appellant declining to plead further judgment was rendered against him, and he appeals.

It is a familiar and wise provision of the law that one who enters into a solemn obligation by writing and under seal—such an obligation as may be spread at large upon the records—will not be heard in a court of equity to assert that his solemn act was a vain one, and that he had no title to the property which he assumed to convey. Not only this, but he will not be heard to assert that any material fact or representation which he may make in such instrument is not true. A court of equity will promptly say to him, you are estopped to deny the things which you have solemnly asserted in this instrument. 16 Cyc., 685,

lays down this doctrine clearly and explicitly in the following language:

"Estoppel by deed is a bar which precludes a party to a deed, and his privies from asserting as against the other and his privies, any right or title in derogation of the deed, or from denying the truth of any material fact asserted in it."

And again at page 686:

"A person who assumes to convey an estate by deed is estopped, as against the grantee, to assert anything in derogation of the deed. He will not be heard, for the purpose of defeating the title of the grantee, to say that at the time of the conveyance he had no title, or that none passed by the deed; nor can he deny to the deed its full operation and effect as a conveyance."

The allegation that appellee knew of the existence of the Roberts mortgage can avail appellant nothing; a grantee may know of the existence of a valid mortgage on the property which he is buying, and still may rely upon the warranty of his grantor to protect him from it.

(Helton v. Asher, 135 Ky., 751; Jones v. Jones, 87 Ky., 82.)

The demurrer was properly sustained and the judgment is affirmed.