## Johnson, et al. v. Beaver Creek Fuel Co., et al.

(Decided February 15, 1921.)

## Appeal from Floyd Circuit Court.

1. Reformation of Instruments—Deeds—Bona Fide Purchasers.—A deed will not be reformed on the ground of mistake in the quantity of land conveyed as against a subsequent purchaser for value without notice.

2. Vendor and Purchaser—Bona Fide Purchaser—Constructive Notice.—Whére the land conveyed is located in the mountains, where the quantity of land is often estimated and accurate surveys are not always made, the mere fact that the purchasers had the land surveyed, and the survey showed that a prior deed embraced a few more acres than the number stated in the description, was not sufficient to put them on inquiry to ascertain if there was a mistake in the deed.

A. J. MAY, W. P. MAY and J. C. HOPKINS for appellants.

SMITH & COMBS and FAMSETT & SMART for appellees

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On October 27, 1909, Harvey Johnson and others conveyed to L. D. Smallwood and Jennie Smallwood a tract of land situated in Floyd county and described as follows:

"Beginning on a dogwood on a conditional line made by Harvey Johnson and David Johnson between this tract and the lands now owned by Wiley Johnson, thence up the point with said conditional line to the back line; thence down the top of the ridge on right of creek as you go up to a chestnut oak on or near *near* the top of a spur; thence down the point so as to leave to the left as you go down the point eight acres of a patent made in the name of said Harvey Johnson amounting to 150 acres, and surveyed by Dave Stephens about October, 1872, to a yellow oak standing near the mouth of *of* a hollow below L. D. Smallwood's residence and on the right side of Beaver as you go up; thence with the said patent line up the left side of Beaver to the back line; thence with the same patent line on around to the beginning, including one hundred and forty-two acres."

On December 27, 1912, Smallwood and wife conveyed a small portion of the above tract to Dock Johnson, the consideration being $275.00 cash.

On February 1, 1914, Smallwood and wife conveyed all the remainder of the boundary above described to the

Beaver Creek Fuel Company, for the recited consideration of $2,450.00 cash.

Thereafter, the Beaver Creek Fuel Company conveyed the land to the Elkhorn Gas Coal Mining Company for a cash consideration.

On August 4, 1914, Harvey Johnson and the other grantors in the deed of October 27, 1909, to Smallwood and wife, brought suit against the Beaver Creek Fuel Company, the Elkhorn Gas Coal Mining Company, Dock Johnson and L. D. Smallwood and wife, to reform the deed, alleging in substance that he agreed to sell, and the Smallwoods agreed to buy, only 142 acres at the rate of $5.00 per acre, whereas, by mistake of the parties, some 40 or 50 acres not sold were embraced in the deed. Not only did the defendants deny the allegations of the petition, but the Beaver Creek Fuel Company, the Elkhorn Gas Coal Mining Company and Dock Johnson pleaded that they were *bona fide* purchasers for value. On final hearing the petition was dismissed and plaintiffs appeal.

Whether or not, in a suit for that purpose, plaintiffs might have recovered of the Smallwoods additional compensation for the excess in the quantity of land sold is a question not before us. This suit is not founded on the theory that they were not paid for all the land sold, but on the theory that, by mutual mistake of the parties, the deed was so drawn as to embrace land not actually sold, and for this reason the deed should be reformed.

No rule of law is better settled than that reformation of a deed will not be decreed as against a subsequent purchaser for value without notice. 23 R. C. L., p. 340; 34 Cyc. 956. It is conceded that the description in the deed embraces the land which plaintiffs claim was not conveyed, and covers all the land which the Beaver Creek Fuel Company, the Elkhorn Gas Coal Mining Company and Dock Johnson purchased. The evidence further shows that they purchased and paid for the land without any notice of any mistake in the deed. Furthermore, the lands were located in the mountains where the quantity of land conveyed is often estimated and accurate surveys are not always made, and the mere fact that the purchasers had the land surveyed, and the survey showed that the deed embraced a few more acres than the number stated in the description, was not sufficient to put them on inquiry to ascertain if there was a mistake in the deed. Floyd's Heirs & Dev. v. Adams, et al., 1 A. K. Marshall 72; Jennings v. Monks' Ex'r, 4 Met. 93. It follows that

they were purchasers for value without notice and that the chancellor did not err in refusing the relief asked.

By appropriate pleadings an issue was made as to the ownership of the eight (probably ten) acres excluded from the deed to the Smallwoods. This tract was conveyed by Daniel R. Johnson to the Beaver Creek Fuel Company, which in turn conveyed it to the Elkhorn Gas Coal Mining Company. In support of its title, the Elkhorn Gas Coal Mining Company relies on adverse possession and the establishment many years ago of a division or conditional line between the lands of Harvey Johnson and Eli Johnson, and the subsequent re-establishment of this line more than fifteen years before this suit was brought by Harvey Johnson and Daniel R. Johnson. We deem it unnecessary to discuss the question further than to say that the evidence fully sustains these contentions, and the court did not err in holding that the Elkhorn Gas Coal Mining Company is the owner of the tract in controversy.

Judgment affirmed.