## Profit, et al. v. Wentworth Oil Company.

(Decided January 23, 1925.)

### Appeal from Lee Circuit Court.

1. Boundaries—Evidence Held to Show that Squatters Granted no Rights Beyond Line Pointed Out.—Writing conveying a squatter's rights to house and clearing describing the premises as extending to the top of a hill and "thence east with the divide," held, under grantor's testimony, that, at time he executed writing, he pointed out an old marked line on top of ridge as line of boundary, to convey no rights beyond such marked line.

2. Boundaries—All Rules' of Location Give Way where Original Location is Clearly Established.—In locating a line called for in a deed, the effort is always to retrace on the land the original survey or location thereof, and all general rules, including the rule that courses and distances give way to called for and known objects, must themselves give way to the original location when clearly established by marked line.

3. Appeal and Error—Chancellor's Finding of Fact on Conflicting Evidence as to Location of Oil Well Not Disturbed.—Chancellor's finding, under conflicting evidence as to whether oil well was located on land of plaintiff or defendant, will not be disturbed.

4. Adverse Possession—Evidence of Possession Under Color of Title for More than 30 Years, Held to Warrant Finding for Defendant.—Evidence that defendant had been in actual possession of land on which oil well was located for more than 30 years under color of title, and that plaintiffs had never had either actual or constructive possession of premises, held to warrant finding of chancellor for defendant.

E. C. O'REAR, KELLY KASH, J. BARTON RETTEW and BEATTY & BEATTY for appellants.

GARNETT, VAN WINKLE & SAGER and GOURLEY, GOURLEY & PARRISH for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

In 1888, appellee's remote vendor purchased, at a decretal sale, a tract of land lying on the headwaters of Little Sinking creek. The deed therefor describes the lines thereof from an old corner in the Martin survey at the head of Billy's fork as follows:

"Thence with the dividing ridge between Little Sinking and Billy's fork as it meanders, S. 86 W. 21 poles; N. 64 W. 18 poles; S. 71 W. 28 poles; N. 65 W. 34 poles; N. 34½ W. 20 poles; N. 45 W. 34 poles; N. 59 W. 42 poles; S. 45½ W. 19 poles to two chestnut oaks, corner to William Smith at the head of Yellow Jacket."

This description of the line was obtained by a survey made under order of court in the action in which the land was then sold, at which time the line was clearly and definitely marked throughout its course. This marked line has been retraced several times by subsequent surveys, and is yet easily traced upon the land by its marked trees. This line follows the crest of the ridge in a general way, but at places it is on one side or the other thereof.

Since 1888, appellee and its predecessors in title have been in possession of the land on the Sinking creek, or south side of the ridge, claiming to the marked line. Shortly before May 28, 1921, appellee sunk an oil well upon its side of, and about 80 feet from that line, and began marketing oil therefrom, whereupon appellants instituted this action, claiming title and possession of the land upon which the well is located, and seeking to enjoin appellee from removing oil therefrom and for an accounting for such oil as it has already removed.

Appellants' only claim to title to the land on the northern, or Billy's fork, side of the ridge is possession of a house and clearing on that creek since 1901, under a writing from one Puckett, who confessedly was a mere squatter without color of title of any kind. Execution of this writing, which was not acknowledged and therefore neither recorded nor recordable, is not clearly or satisfactorily established, but treating it as a title bond and color of title for the purpose of defining the extent of appellants' possession does not carry their possession beyond the above described marked line, since it simply calls for the top of the hill and "thence east with the

divide," and Puckett says that at the time he executed same he pointed out an old marked line on the top of the ridge as the line of the boundary he surrendered to appellants, and there is no proof of any marked line other than the one marked as appellee's line in 1888.

Nor is there anything in the entire record to sustain appellants' claim that the crest of the ridge rather than this marked line running with its general course is the dividing line between their respective boundaries (assuming they each have title thereto), unless the so-called title bond under which appellants claim as well as the deeds under which appellee claims be construed as calling for the exact crest of the ridge, despite the fact that the latter show conclusively that the marked line rather than the exact crest of the ridge was the one intended.

That these papers must be so construed is the contention upon which the whole argument for appellants is based. That none of these papers is capable of such construction in the light of the proven facts detailed above seems too clear to us to admit of argument.

The effort always in locating a line called for in a deed of conveyance is to retrace on the land the original survey or location thereof, and all general rules adopted by courts to assist in doing so, including the one relied upon by appellants to the effect that courses and distances give way to called for and known objects, must themselves give way to the original location when that is clearly established, as in this case, by the marked line above referred to.

Then again, even if the marked line be disregarded, the evidence is conflicting as to whether or not the oil well in question is upon appellants' or appellee's side of the crest of the ridge. This question of fact was submitted to the chancellor without a jury, and even if we assume that his judgment dismissing appellants' petition was based upon an adverse finding upon this question of fact, we would not feel authorized to disturb it.

Convinced that appellants have neither shown title to the land upon which the well is located nor that they ever had any kind of possession thereof, either actual or constructive, and that appellee has proven that it and its vendors have been in actual possession thereof and to the above described marked line for more than 30 years, under at least color of title, the judgment is affirmed.