## Fordson Coal Company v. Potter's Executors et al.

(Decided February 6, 1931.)

312

CLEON K. CALVERT and J. G. BRUCE for appellant.

A. T. W. MANNING, MURRAY L. BROWN, W. W. RAWLINGS and MARTIN T. KELLY for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

Mrs. N. J. Potter and J. M. Culton owned the Chastain and Marcum 200 acre patent on Fish Trap branch in Clay county. J. C. Marcum owned a body of land lying south of this patent. He was cutting some timber which they claimed under their patent. On March 29, 1913, Mrs. Potter filed an action against him praying judgment against him for damages and the quieting of her title. While this action was pending, Marcum made a contract with the Peabody Syndicate by which he agreed to sell the syndicate his land extending up to the dividing ridge between Fish Trap branch and Lunce branch. The Chastain and Marcum patent crosses this ridge and includes some land south of the ridge. The Peabody Syndicate learned this, and refused to accept a deed from Marcum to the top of the ridge. Thereupon, Marcum proposed to Mrs. Potter and J. M. Culton to buy the land in their patent south of this ridge at $7.50 an acre. The Peabody Syndicate had as its surveyor J. R. Richards; he surveyed the land; and Mrs. Potter, and J. M. Culton on December 18, 1918, executed a deed to J. C. Marcum for the 34.1 acres so surveyed by him at $7.50 an acre. Thereupon Peabody Syndicate accepted a deed from Marcum for the entire boundary he had sold them. The following order was entered in the suits which Mrs. Potter had brought against J. C. Marcum:

"It is agreed by and between the plaintiff, N. C. Potter and the defendant J. C. Marcum, that each of the above styled actions be dismissed settled, and that plaintiff pay all the cost in each action.

This agreed settlement is made between the parties in order to enable the party hereto to sell and convey the land from which the timber complained of in said actions was cut; and the plaintiff, N. C. Potter has this day conveyed said land to the defendant, J. C. Marcum, for the consideration of seven dollars ($7.00) per acre paid to the plaintiff, N. C. Potter, and J. M. Culton, who, it is agreed, owns an undivided interest in the said land."

Richards did not make a survey of the Chastain and Marcum patent, and, as a result, he made a mistake in locating the south line of the Marcum patent, and in fact located it 30 poles north of the true line. The situation is illustrated in the following map in which the lines 1, 2, 3, 4, 5, 1 indicate the 200-acre patent. The line A, C, B, indicates the dividing ridge between the Fish Trap branch and Lunce branch. A, B, indicates the line which Richards surveyed as the south line of the patent; A, C, B, A, the 34.1 acres which Richards surveyed.

In 1926 Mrs. Potter and J. M. Culton brought suit against the Fordson Coal Company, which was the vendee of the Peabody Syndicate, asserting title to the land lying south of the line A, B, and between it and the line 4, 5, which is about 50 acres. They alleged, in substance, that they had not conveyed this land, that it was not embraced in the deed, and by an amended petition prayed that certain words in the deed be corrected. The land conveyed is thus described in the deed, which literally follows Richards' survey:

"Beginning at a stake in the fourth line of Chastain and Marcum's 200-acre patent No. 41608 on top of the ridge between Lunce's Branch of Elk Creek

and Fish Trap Branch of Red Bird River; thence with the top of said ridge as it meanders. (Here follow over 100 calls running with the ridge, giving course and distance in feet from one tree or natural object to another.) Thence south 38-00 05' East 30.0 feet to a stake where the top of said ridge intersects the fourth line of Chastian and Marcum's 200 acre patent No. 41608; thence with said fourth line reversed South 86-00 40' West 3,023.6 feet to the beginning, containing 34.1 acres, more or less.''

Before the deed was made, the land was accurately surveyed to determine the boundary and quantity of the land to be conveyed. The deed follows strictly the survey in boundary and quantity. Marcum paid appellees for 34.1 acres of land. By what rule is the land conveyed by the deed to be determined? These rules have been laid down.

''While lines of a patent, will be extended in order to reach a designated object, this will not be done where it is evident from all the facts that the surveyor simply made a mistake as to the location of the object; he supposing it to be at one place, when, in fact, it was at another.'' Bryant v. Strunk, 151 Ky. 97, 151 S. W. 381, 383.

''The rule that courses and distances must yield to natural objects and established boundary lines, in fixing the boundaries of lands, does not apply, when it is evident that the call for a natural object or an established boundary line was made, under the mistaken belief that it existed at the point where the surveyor reported it to be, when in fact the natural object and boundary line was not at that point.'' Albertson v. Chicago Veneer Co., 177 Ky. 293, 197 S. W. 831, 835.

''The effort always in locating a line called for in a deed of conveyance is to retrace on the land the original survey or location thereof, and all general rules adopted by courts to assist in doing so, including the one relied upon by appellant to the effect that courses and distances give way to called for and known objects, must themselves give way to the original location when that is clearly established, as in this case, by the marked line above referred to.'' Profit v. Wentworth Oil Co., 206 Ky. 784, 268 S. W. 549, 550.

"In all such cases, where it comes to locate again the survey so made, the object is to reproduce if possible, or as near as may be, what was originally done in appropriating the land by the survey." Morgan v. Renfro, 124 Ky. 320, 99 S. W. 311, 313, 30 Ky. Law Rep. 533.

See, also, Louisville Property Co. v. Lawson, 156 Ky. 294, 160 S. W. 1034; Louisville Cooperage Co. v. Collins, 228 Ky. 269, 14 S. W. (2d) 1090.

It is undisputed that the surveyor in fact ran the lines A, C, B, A, on the plat. He simply made a mistake as to the location of the south line of the patent as shown by the proof, by reason of his running by a paper which by mistake gave the length of the third line of the survey as 49 poles when it should have read 79 poles. The fourth line of the survey lies south of the top of the ridge and does not touch it. The line he ran controls as between the parties to the deed, and the fact that he designates this as running with the south line of the patent does not change the effect of the deed, which is limited to the land he in fact ran off as between the parties to the deed, and as between them the mistake might be corrected.

It remains to determine whether the same rule applies to appellant, who bought the property from the Peabody Syndicate for value, paid the consideration, and accepted the conveyance of the land from it without any notice that the lines of appellees' patent had not been correctly located. It earnestly insists that, as against it, appellees are estopped by the deed which they executed to maintain that the line A, B, is not "the fourth line of the Chastain and Marcum's 200 acre patent" as recited in the deed, since it purchased the land in good faith under the deed and relied on it. It insists that appellees, having taken no timely action to learn of the mistake, should bear the loss, and not impose a loss on it. In 21 C. J. p. 1091, sec. 70, the rule is thus stated: "Recitals in a deed are estoppels when they are the essence of the contract, that is, where, unless the facts recited exist, the contract, it is presumed, would not have been made. The doctrine of estoppel does not extend to mere descriptive matter of statements or recitals which are immaterial and not contractual or essential to the purposes of the instruments." To the same effect, see 10 R. C. L. p. 685, sec. 15.

The rule is well settled that the grantor in a deed is estopped to deny the truth of any material fact or representation made therein. Cornelius v. Kinnard, 157 Ky. 50, 162 S. W. 524; Wabash Drilling Co. v. Ellis, 230 Ky. 769, 20 S. W. (2d) 1002, and cases cited; Teasley v. Stanton, 136 Ala. 641, 33 So. 823, 96 Am. St. Rep. 88, and notes.

In the description of the land conveyed, the beginning point A is designated as "stake in the fourth line of the Chastain and Marcum's 200 acre patent, No. 41608, on top of the ridge." The point B is thus designated, "a stake where the top of said ridge intersects the fourth line of Chastain and Marcum's 200 acre patent, No. 41608," and the closing call of the deed is given in these words, "Thence with said fourth line reversed South 86-00 40″ West 3,023.6′ to the beginning." This is a clear statement that the fourth line of the patent runs from A to B. A great loss here must fall either on appellant or the appellees; who must bear this loss? While no estoppel arises in behalf of appellant by reason of what occurred between appellees and J. C. Marcum, the situation and conduct of the parties may be considered in determining the effect that should be given to the deed that was then executed and accepted to effectuate their purposes. Appellees knew that Marcum was proposing to buy all their land south of the ridge to carry out his trade with Peabody, and that the fourth line of their patent was its south line. The purpose of the transaction was to vest in Marcum title to this line. The deed they made to Marcum, under the circumstances, was clearly intended by the parties as a conveyance of all the land in that patent below the ridge; for Marcum had sold to Peabody the land up to the ridge, and the purpose of the survey and the deed was to enable Marcum to carry out his contract with Peabody. This is not disputed, and in fact appellees thought they had conveyed all of their land south of the ridge, until a survey was made a few years later, when the mistake was discovered. But the rule is that a deed may not be corrected for mistake against an innocent purchaser for value. Johnson v. Beaver Creek Fuel Co., 190 Ky. 499, 227 S. W. 792, and cases cited. As the deed cannot be corrected against appellant, the rights of the parties must be determined upon the deed as written; as written, the deed is a representation that A, B, is the south line of appellees' patent. Appellant bought the land to

the top ridge, without any notice that the line of appellees' patent was not correctly located in the survey. Under the facts, the rule applies that he who asserts a fact may not afterwards deny the truth of the fact to the prejudice of one who has acted upon his previous assertion. While the case is a hard one, the initial fault was in appellees signing the deed without making any effort to know what had been surveyed. They must bear the loss, rather than the innocent purchaser who relied on their deed. First Nat. Bank v. Bank of Ravenswood, 141 Ky. 671, 133 S. W. 581, and cases cited.

Judgment reversed, and cause remanded, with directions to dismiss the petition.

Whole court sitting.