## Fuson et al v. Snyder et al.

May 5, 1944.

John E. Campbell, Barney W. Baker, and Jesse Morgan for appellants.

C. A. Noble, W. E. Faulkner, and W. A. Stanfill for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON— Affirming.

In February 1937 the appellants, Barney W. Baker and Floyd H. Baker, entered into a contract with the executors of Dr. Taylor Hurst, whereby a deed to approximately 18 acres of coal in place, together with another small tract necessary in order properly to mine the coal, was to be executed to the executors by the appellant, Ted Baker, in satisfaction of a $4,000 indebtedness of Floyd and Barney Baker to Dr. Hurst.

The deed was executed to the appellee W. A. Stanfill, as trustee, on February 19, 1937, by Floyd and Barney Baker and their wives and by Ted Baker. It does not clearly appear why the deed was signed by Floyd and Barney Baker. The contract recited that the deed was to be executed by Ted Baker, who, apparently, held legal title. Before execution of the deed a survey of the coal was made and it surveyed out 18.4 acres. When the deed was executed the seventh and eighth calls of the survey were omitted from the description by mutual mistake. That this mistake was made was so clearly established by the evidence as to call for no discussion. As a result of this omission only about nine acres of the coal was included in the boundary.

Stanfill, trustee, later leased the coal to the appellee, Fred Snyder, for mining purposes and he mined a considerable amount of coal on the nine acres not included in the deed boundary. In November 1940 Stanfill conveyed the coal to the appellee Snyder. The mistake in the description was repeated in this deed.

In July 1939 the three Bakers, together with the appellant Clyda Fuson, their sister, executed to Mary Rose Baker, wife of Barney Baker, a deed conveying all mineral not embraced in the deed theretofore executed to Stanfill, trustee. Floyd and Ted Baker claimed to

own a small boundary of two acres which they did not contract to convey to Stanfill. The deed to Mary Rose Baker embraced a large boundary covering the coal land conveyed to Stanfill but excluded therefrom the boundary sold to Stanfill. The description of the excluded coal omitted the seventh and eighth calls of the survey, thus repeating the mistake made in the two previously mentioned deeds, but referred to the coal land as containing 18.4 acres.

Mary Rose Baker, in June 1941, conveyed to the appellant Clyda Fuson the interest acquired by her by the last-mentioned deed. According to the testimony of these parties the deed was executed in satisfaction of an indebtedness of $175 of Mary Rose Baker to Clyda Fuson. At the time of this conveyance the appellee Snyder was mining coal from the 18.4 acre tract. He had been doing so approximately two years, claiming title under his deed from Stanfill, trustee. After execution of the deed to Clyda Fuson, 225 tons of coal were mined by Snyder on the nine acres purportedly conveyed to Clyda Fuson.

Upon learning of the mistake in the description in the deed to Stanfill, repeated in the deed from Stanfill to Snyder and in the deed to Clyda Fuson, Stanfill and Snyder filed this action against the Bakers and their wives and Clyda Fuson, alleging mutual mistake and seeking reformation of the deeds. It was also pleaded that the deed of Clyda Fuson was champertous and void because the appellee Snyder was in actual adverse possession of the coal, engaged in working it at the time the deed was executed. Issue was joined as to these matters and Clyda Fuson also pleaded in opposition to the right of reformation that she was a bona fide purchaser for value, without knowledge of the mistake. She also sought judgment by counterclaim for the value of all coal mined on the nine acres not included in the survey. The chancellor adjudged that the appellees were entitled to reformation and dismissed the counterclaim. The appeal is from that judgment.

It was clearly established by the evidence that the two calls of the survey were omitted by mutual mistake. The only question deserving discussion, therefore, is whether Clyda Fuson was a purchaser for value without notice. It is well settled that reformation of a deed will not be decreed as against a subsequent purchaser for

value without notice. Johnson v. Beaver Creek Fuel Co., 190 Ky. 499, 227 S. W. 792; Fordson Coal Co. v. Potter's Ex'rs, 237 Ky. 311, 35 S. W. (2d) 298.

We think the evidence was sufficient to sustain the chancellor's finding that Clyda Fuson was not a bona fide purchaser. The transaction by which she acquired her title does not have a healthy look. True it is, there was no way for the appellees to disprove the testimony that the deed to her was executed in consideration of the release of the pre-existing $175 indebtedness of Mary Rose Baker, but it is hardly to be thought that Clyda Fuson believed she was obtaining the title, to nine acres of coal land and other property for this scant considera- tion. In this connection it should be remembered that she was a sister of the three Bakers, who conveyed the coal to Stanfill. She, alone, of the members of the family did not sign this deed and it was in this non-signing member that the title to whatever remained in her broth- ers eventually became vested by a series of inter-family deeds. Had she signed the deed to Stanfill she would not, as a matter of course, have been in a position to oppose a reformation of the deed. We gather the im- pression that the deed to her was executed for the pur- pose of enabling her to make the claim she now makes.

But even if we are mistaken in the conclusion that Clyda Fuson had actual knowledge of the mistake in the Stanfill deed, nevertheless it clearly appears that she had knowledge of facts sufficient to have put her on inquiry from which she would have learned of the mis- take. In her deed conveying a larger tract of land there was an exclusion of the coal conveyed to Stanfill, and while the description of the excluded coal was by the survey which omitted the seventh and eighth calls, there- by apparently excluding only about nine acres, the ex- cluded coal land was recited to contain 18.4 acres. The survey of the excluded coal, contained in her deed was by courses and distances and there were no calls to natural objects, consequently the failure of the survey to include the omitted nine acres could have been ascer- tained only by platting the survey or by some one who had the correct survey. While the recital of acreage was not necessarily controlling, it was incumbent upon Clyda Fuson, in the circumstances, to make inquiry. Had she made inquiry of either Stanfill or Snyder, she would have ascertained the true facts and learned of the mis-

440

take. A purchaser having a knowledge of facts sufficient to put him on inquiry is chargeable with notice of all facts which he might have learned by reasonable inquiry. Kentucky River Coal Corporation v. Sumner et al., 195 Ky. 119, 241 S. W. 820.

It is our conclusion that Clyda Fuson was not a bona fide purchaser. The appellees were, therefore, entitled to reformation as against her also. This conclusion renders it unnecessary to consider the contention that the Clyda Fuson deed was champertous and void.

Judgment affirmed.