PER CURIAM.
In plaintiff-appellee’s application for a rehearing, she contends this court erred in reversing the trial judge’s finding of fact that the February 9,1973 sales was simulations.
A simulated sale is that in which there is no intention to transfer title. The trial judge found an intention to transfer title inasmuch as he found these acts to be donations and subsequently awarded the defendant daughters an undivided interest in the property. Since he found an intent to transfer title, he was in error in finding a simulation.
The intention to pay the promissory notes is evidenced by payment of $4,600.00 by Irene Phillips Nereaux to her father and by Carolyn June Phillips Hayes allowing her father to collect and keep rental payments after the transfer of the property. If there was no intention to pay the notes as found by the trial judge, there was no necessity for the above payments. Thus, the trial judge was in error in not recognizing an intent to pay.
Appellee additionally argues we erred in failing to mention she is entitled to “legal interest” on her claim, and from what date this interest runs.
The original opinion is amended to award “legal interest” from date of judicial demand on the surviving wife’s claim and in all other respects our original opinion is affirmed and a rehearing is denied.
REHEARING DENIED.
PONDER, J., dissents from denial of rehearing.