**Joe MILLER, Appellant,**

**v.**

**Edward CLEMONS, Appellee.**

Court of Appeals of Kentucky.

March 18, 1955.

O. J. Cockrell, Jackson, for appellant.

C. A. Noble, Sr., Hazard, for appellee.

CAMMACK, Justice.

This case involves the construction of the renewal provision of a five year lease. The lease was entered into by Irvine Harvey and Edward Clemons on July 1, 1949. The essential provisions of the lease follow:

"In consideration of the sum of $25.00 (twenty-five dollars) per month, payable in advance, the party of the first part agrees to lease to the party of the second part as follows:

"One Frame Building, Brick Siding, located on Highway 15, North of Hazard, Kentucky, located at Rowdy, Perry County, Kentucky, being the building formerly occupied by the party of the first part as a retail grocery store, and additional land on either side of the building necessary to conduct any business.

"This lease covers a period of five years from date with a privilege of renewing it at its expiration for additional years at the same price."

The lease was not put to record. Harvey sold the property to the appellant, Joe Miller, during the latter part of August, 1949. In March, 1954, Clemons notified Miller in writing of his election to exercise his right to renew the lease for a five year period. Miller refused to extend the lease and notified Clemons to vacate the premises on or before July 1, 1954. This suit followed.

The trial court held that Clemons was entitled to have the lease renewed for a period of two years. Miller has filed a motion for an appeal from that part of the judgment adverse to him, and Clemons has filed a cross-appeal wherein he objects to the part restricting the renewal period to two years.

Miller admitted that Harvey told him there was a lease on the property when

he bought it in August, 1949, but he denied that he was told that the lease had a renewal provision in it. It is not disputed that he knew Clemons was occupying the property, and he received the monthly rent. During the latter part of the lease period Clemons made additions to the original building which, according to him, cost some $2000. This was done with Miller's knowledge. In this connection, Miller contends that the addition to the building was not included in the original lease and "could not be considered in the lease relied upon or renewal thereof." Reference to the lease will show that, in addition to the old grocery building, it included "additional land on either side of the building necessary to conduct his business." Obviously, this contention of Miller's is wholly without merit.

We think the trial court properly held that Miller had ample opportunity, and also a duty, to ascertain the terms and conditions of the lease. The case of Fuson v. Snyder, 297 Ky. 436, 180 S.W.2d 291, is applicable here. In that case it was pointed out that a purchaser having knowledge of facts sufficient to put him on inquiry is chargeable with knowledge of all facts which he might have learned by reasonable inquiry.

We think the trial court erred in limiting the renewal period to two years. Clemons was given the privilege of renewing the lease at its expiration "for additional years at the same price." It was the trial court's view that "additional years" meant "more than one year, or at least two years." In 32 Am.Jur., Landlord and Tenant, section 958, it is said that a general covenant to "renew" implies a renewal on the same terms and for the same time as the original lease and is sufficiently certain to be enforceable. We think the renewal provision under consideration has the essential characteristics of a general covenant. In addition to authorizing a renewal, it referred to additional years at the same price. It is our view that the expression "additional years at the same price" related back to the original period of the lease, namely, five years.

The motion for an appeal is overruled, and the judgment on that phase of the case is affirmed. On the cross-appeal the judgment is reversed, with directions to set that part of it aside, and to enter a judgment in conformity with this opinion.